**STOECKEL, Appellant, v. INDUSTRIAL COMMISSION, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6582. Decided November 13, 1945.

William Isaacs, Cincinnati, for appellant.
Edward A. Schott, Cincinnati, for appellee.
Henry M. Bruestle, Cincinnati, for City of Cincinnati.

## OPINION

By HILDEBRANT, P. J.

In response to the cry of a police officer "Stop that man", plaintiff attempted to apprehend a man running along the street with a police officer in pursuit. The fugitive shot the plaintiff, who later filed a claim for compensation with the Industrial Commission of Ohio on the theory that in responding to the cry of "Stop that man" he became an employee of the City within the meaning of §1465-61, GC which reads as follows:

"The term 'employe,' 'workman' and 'operative' as used in this act shall be construed to mean:

"1. Every person in the service of the state, or of any county, city, township, incorporated village or school district therein, including regular members of lawfully constituted police and fire departments of cities and villages, under any appointment or contract of hire, express or implied, oral or written, except any official of the state, or of any county, city, township, incorporated village or school district therein. * * * **"

The appeal is on questions of law from a judgment of the court below, denying the right of plaintiff to participate in the Workmen's Compensation Fund.

The sole question is, whether or not under the above facts, plaintiff was an employee of the City within the meaning of §1465-61, GC.

Under the statutes of Ohio the sole power of creating the relationship of employer and employee of a police officer of a city lies with the Safety Director of the City by virtue of §4368, GC subject to the Civil Service requirements. Cases cited under §2833, GC, relating to County Sheriffs have no application here, hence will not be discussed.

It is argued that §12857, GC, somehow applies here. It reads:

"Whoever, when called upon by a sheriff, coroner, constable or other ministerial officer to assist in apprehending a person charged with, or convicted of, a criminal offense, or in securing such person when so apprehended, or in conveying him to prison, neglects or refuses so to do, shall be fined not more than fifty dollars."

If the police officer be an "other ministerial officer" contemplated by the section, it still appears to the Court the section is purely a penal one directed to compelling all citizens to recognize their reciprocal obligations of citizenship and can not be the basis for creating the relationship of employer and employee.

The judgment is affirmed.

HILDEBRANT, P. J., MATTHEWS and ROSS, J. J., concur in syllabus, opinion & judgment.